S.D.N.Y.–N.Y.C.<br>
11-cv-691<br>
Kaplan, J.

# United States Court of Appeals
### FOR THE
### SECOND CIRCUIT

---

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of April, two thousand thirteen.

Present:
> John M. Walker, Jr.,
> Denny Chin,
>> *Circuit Judges*,
>
> Jane A. Restani,[*]
>> *Judge, U.S. Court of International Trade.*

---

Chevron Corporation,

> *Plaintiff-Counter-Defendant-Appellee*,

> v.                                                                                  13-332

Hugo Gerardo Camacho Naranjo,
Javier Piaguaje Payaguaje,

> *Defendants-Appellants*,

Steven R. Donziger, *et. al*,

> *Defendants-Counter-Claimants*,

Pablo Fajardo Mendoza,

> *Defendants*.

---

[*] Judge Jane A. Restani, of the United States Court of International Trade, sitting by designation.

Chevron Corporation ("Chevron"), through counsel, moves to dismiss the appeal for lack of appellate jurisdiction. Appellants, through counsel, oppose the motion, request that it be referred to the merits panel, and, in the event that the Court finds that it lacks jurisdiction, ask that the Court issue a writ of mandamus. In addition, Appellants move to strike portions of Chevron's reply in support of the motion to dismiss, or in the alternative, for leave to file a sur-reply, which has been provided by Appellants. Chevron opposes the motion.

Upon due consideration, it is hereby ORDERED that the motion to strike portions of Chevron's reply is DENIED, but the alternative request for leave to file the provided sur-reply is GRANTED. It is further ORDERED that the motion to dismiss is GRANTED. *See Carson v. Am. Brands, Inc.*, 450 U.S. 79, 84 (1981) (holding that, where an order is not specifically addressed to injunctive relief, but is claimed to have the effect of an injunction, the appealing party must show that the interlocutory order "might have a 'serious, perhaps irreparable, consequence'"); *In re Zyprexa Prod. Liab. Litig.*, 594 F.3d 113, 117 (2d Cir. 2010) (explaining that 28 U.S.C. § 1292(a)(1) "authorize[s] an appeal only from an injunctive order that gives, or aids in giving, substantive relief sought in the lawsuit in order to preserve the status quo pending trial"); *Nosik v. Singe*, 40 F.3d 592, 596 (2d Cir. 1994) ("we customarily deny review of protective orders that do not grant any of the ultimate relief sought by a party if neither party can show any damage from the order."). As a result, the request that the motion be referred to the merits panel is DENIED as moot.

It is further ORDERED that the request for a writ of mandamus is DENIED. Assuming, *arguendo*, that the instant case warrants departing from this Court's "normal practice" declining "to treat improvident appeals as petitions for mandamus," *see Bridge C.A.T. Scan Assocs v. Technicare Corp.*, 710 F.2d 940, 944 (2d Cir. 1983), Appellants have not shown that an appeal from a final judgment would be inadequate alternative remedy to a writ of mandamus, *see In re von Bulow*, 828 F.2d 94, 98 (2d Cir. 1987).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk